IN THE UNITED STATES COURT OF INTERNATIONAL TRADE

|  |  |
|---|---|
| THE UNITED STATES, <br><br> Plaintiff, <br><br> v. <br><br> FRANCO TIRE DISTRIBUTION, INC. <br><br> Defendant. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) Case No. 24-161 |

# COMPLAINT

The United States, by and through its undersigned attorneys, hereby brings this action and alleges the following:

1. This is an action to recover civil monetary penalties pursuant to 19 U.S.C. § 1592, relating to two customs entries of truck or bus tires.

2. This Court has exclusive jurisdiction to entertain this action pursuant to 28 U.S.C. § 1582.

3. Plaintiff, the United States, through U.S. Customs and Border Protection (CBP), is charged with fixing the final amount of duty to be paid on imported merchandise and determining any increased or additional duties, taxes, and fees due or any excess of duties, taxes, and fees deposited, among other responsibilities. 19 U.S.C. § 1500(c).

4. At all times relevant to the matters described in this complaint, defendant, Franco Tire Distribution, Inc., upon information and belief, was incorporated in the State of California, with a principal business address of 2623 219th Place, Carson, CA 09810

and an alternative business address of 1900 East O Street, Wilmington, CA 90744.  The California Secretary of State shows that the company has a Secretary of State suspension as of December 28, 2021, and according to the California Secretary of State's website, the company has been inactive since their date of suspension.  According to Customs and Border Protection records, Franco's last import date was December 13, 2021.

5. Franco Tire Distribution, Inc. served as the importer of record for the two entries covered by this court action (hereinafter, referred to as the "subject entries"), which are identified in the loss of revenue calculation summary attached as Exhibit A.

6. Franco Tire Distribution, Inc. filed the subject entries on August 21, 2019, and October 2, 2019, at the Los Angeles/Long Beach Port of Entry in California seaport.

7. The imported merchandise covered by the subject entries (hereinafter, referred to as the "imported merchandise") consisted of truck or bus tires.

8. The truck or bus tires originated in the People's Republic of China (China).

9. During the timeframe that the imported merchandise entered the United States, truck or bus tires from the People's Republic of China were subject to antidumping and countervailing duty orders.  *See* 84 Fed. Reg. 4436 (Feb. 15, 2019) (Antidumping Duty Order); 74 Fed. Reg. 4434 (Feb. 15, 2019) (Countervailing Duty Order) (collectively, the Orders).

10. The truck and bus tires described within the Antidumping and Countervailing Duty Orders are new pneumatic tires, of rubber, with a truck or bus size designation.  Covered tires may be tube-type, tubeless, radial, or non-radial.

11. The scope of the Antidumping Duty Order is reflected in the attached Exhibit B, which is incorporated by reference herein, and provides in relevant part as follows:

> Subject tires have, at the time of importation, the symbol "DOT" on the sidewall, certifying that the tire conforms to applicable motor vehicle safety standards. Subject tires may also have one of the following suffixes in their tire size designation, which also appear on the sidewall of the tire: TR—Identifies tires for service on trucks or buses to differentiate them from similarly sized passenger car and light truck tires; and HC—Identifies a 17.5 inch rim diameter code for use on low platform trailers. All tires with a "TR" or "HC" suffix in their size designations are covered by this order regardless of their intended use. In addition, all tires that lack one of the above suffix markings are included in the scope, regardless of their intended use, as long as the tire is of a size that is among the numerical size designations listed in the "Truck-Bus" section of the *Tire and Rim Association Year Book,* as updated annually, unless the tire falls within one of the specific exclusions set out below. Truck and bus tires, whether or not mounted on wheels or rims, are included in the scope. However, if a subject tire is imported mounted on a wheel or rim, only the tire is covered by the scope. Subject merchandise includes truck and bus tires produced in the subject country whether mounted on wheels or rims in the subject country or in a third country. Truck and bus tires are covered whether or not they are accompanied by other parts, *e.g.*, a wheel, rim, axle parts, bolts, nuts, etc. Truck and bus tires that enter attached to a vehicle are not covered by the scope.
>
> The subject merchandise is currently classifiable under Harmonized Tariff Schedule of the United States (HTSUS) subheadings: 4011.20.1015 and 4011.20.5020. Tires meeting the scope description may also enter under the following HTSUS subheadings: 4011.69.0020, 4011.69.0090, 4011.70.00, 4011.90.80, 4011.99.4520, 4011.99.4590, 4011.99.8520, 4011.99.8590, 8708.70.4530, 8708.70.6030, 8708.70.6060, and 8716.90.5059.

84 Fed. Reg. 4436 (February 15, 2019).

12. The scope of the Antidumping Duty Order contains several exclusions, which identify products not covered by the Order. *Id.*

3

13. The Antidumping Duty Order excludes from the scope of the Order recycled and retreaded tires and non-pneumatic tires, among other products. The relevant exclusion provides, in part, as follows:

> Specifically excluded from the scope of this order are the following types of tires: (1) Pneumatic tires, of rubber, that are not new, including recycled and retreaded tires; (2) non-pneumatic tires, such as solid rubber tires; and (3) tires that exhibit each of the following physical characteristics: (a) The designation "MH" is molded into the tire's sidewall as part of the size designation; (b) the tire incorporates a warning, prominently molded on the sidewall, that the tire is for "Mobile Home Use Only;" and (c) the tire is of bias construction as evidenced by the fact that the construction code included in the size designation molded into the tire's sidewall is not the letter "R."

*Id*.

14. The scope of the Countervailing Duty Order is reflected in the attached Exhibit C, which is incorporated by reference herein, and provides in relevant part as follows:

> The scope of the order covers truck and bus tires. Truck and bus tires are new pneumatic tires, of rubber, with a truck or bus size designation. Truck and bus tires covered by this investigation may be tube-type, tubeless, radial, or non-radial. Subject tires have, at the time of importation, the symbol "DOT" on the sidewall, certifying that the tire conforms to applicable motor vehicle safety standards. Subject tires may also have one of the following suffixes in their tire size designation, which also appear on the sidewall of the tire: TR—Identifies tires for service on trucks or buses to differentiate them from similarly sized passenger car and light truck tires; and HC—Identifies a 17.5 inch rim diameter code for use on low platform trailers. All tires with a "TR" or "HC" suffix in their size designations are covered by this investigation regardless of their intended use. In addition, all tires that lack one of the above suffix markings are included in the scope, regardless of their intended use, as long as the tire is of a size that is among the numerical size designations listed in the "Truck-Bus" section of the *Tire and Rim Association Year Book,* as updated annually, unless the tire falls within one of the specific exclusions set out below. Truck and bus tires, whether or not mounted on wheels or rims, are included in the

>   scope. However, if a subject tire is imported mounted on a wheel or rim, only the tire is covered by the scope. Subject merchandise includes truck and bus tires produced in the subject country whether mounted on wheels or rims in the subject country or in a third country. Truck and bus tires are covered whether or not they are accompanied by other parts, *e.g.,* a wheel, rim, axle parts, bolts, nuts, etc. Truck and bus tires that enter attached to a vehicle are not covered by the scope.
>
>   The subject merchandise is currently classifiable under Harmonized Tariff Schedule of the United States (HTSUS) subheadings: 4011.20.1015 and 4011.20.5020. Tires meeting the scope description may also enter under the following HTSUS subheadings: 4011.69.0020, 4011.69.0090, 4011.70.00, 4011.90.80, 4011.99.4520, 4011.99.4590, 4011.99.8520, 4011.99.8590, 8708.70.4530, 8708.70.6030, 8708.70.6060, and 8716.90.5059.

84 Fed. Reg. 4434 (Feb. 15, 2019).

15. The scope of the Countervailing Duty Order contains several exclusions, which identify products not covered by the Order. *Id.*

16. The Countervailing Duty Order excludes from the scope of the Order recycled and retreaded tires and non-pneumatic tires, among other products. The relevant exclusion provides, in part, as follows:

>   Specifically excluded from the scope of this investigation are the following types of tires: (1) Pneumatic tires, of rubber, that are not new, including recycled and retreaded tires; (2) non-pneumatic tires, such as solid rubber tires; and (3) tires that exhibit each of the following physical characteristics: (a) The designation "MH" is molded into the tire's sidewall as part of the size designation; (b) the tire incorporates a warning, prominently molded on the sidewall, that the tire is for "Mobile Home Use Only;" and (c) the tire is of bias construction as evidenced by the fact that the construction code included in the size designation molded into the tire's sidewall is not the letter "R."

*Id*.

17. On August 21, 2019, and October 2, 2019, Franco Tire Distribution, Inc. entered truck or bus tires into the United States from China under cover of the two subject entries. *See* Exhibit A.

5

18. In the entry documents covering these entries, Franco Tire Distribution, Inc. identified the entries correctly as truck or bus tires classified under HTSUS code 4011.20.1015. Franco Tire Distribution, Inc. omitted the antidumping duty and countervailing duty case information pertaining to truck or bus tires from China.

19. Franco Tire Distribution, Inc. failed to pay the required cash deposits corresponding to the antidumping and countervailing duty orders on truck and bus tires from China.

20. Consequently, on October 17, 2019, and January 30, 2020, CBP rejected the entries and instructed Franco Tire Distribution, Inc. to correct the entry summaries and to pay the correct antidumping duty and countervailing duty.

21. During the timeframe when the imported merchandise entered the United States, the antidumping duty rate for truck and bus tires, as required by the Antidumping Duty Order, was 2.83 percent *ad valorem*.

22. During the timeframe when the imported merchandise entered the United States, the countervailing duty rate for truck and bus tires, as required by the Countervailing Duty Order, was 42.16 percent *ad valorem*.

23. By omitting antidumping and countervailing duty case information, Franco Tire Distribution, Inc. did not pay antidumping or countervailing duty cash deposits for the imported merchandise.

24. As a result of Franco Tire Distribution, Inc.'s omission, the United States faced a potential loss of revenue in the amount of approximately $27,941.49.

25. Franco Tire Distribution, Inc. corrected the summaries and paid the appropriate cash deposits for the two entries on November 17, 2019, and February 19, 2020, for a total of $27,941.49.

26. Customs and Border Protection then issued a pre-penalty notice to Franco Tire Distribution, Inc. proposing a $55,882.98 penalty under 19 U.S.C. § 1592(a) at the culpability level of negligence.

27. Franco Tire Distribution, Inc. responded by providing proof of payment for the antidumping and countervailing duty cash deposits for the two entries but did not provide payment for the $55,882.98 penalty. Customs and Border Protection then issued a Notice of Penalty on May 4, 2022.

28. Franco Tire Distribution, Inc. filed a Petition for Remission or Mitigation from Penalty on August 31, 2022, requesting complete remission of the monetary penalty or a drastic reduction of the penalty. Customs and Border Protection mitigated the penalty to $27,941.49, basing its decision on the fact that Franco Tire Distribution, Inc. did not seek guidance from Customs and Border Protection through the pre-importation ruling program, did not file a protest on the entry's rejection, and did not request advice or rely on advice from its broker. On February 22, 2024, Customs and Border Protection notified Franco Tire Distribution, Inc. of the decision to mitigate the penalty. CBP advised Franco Tire Distribution, Inc. that if they failed to submit payment within 30 days, CBP would take action to enforce the claim in the full amount of the original demand.

29. On March 25, 2024, Franco Tire Distribution, Inc. requested a 30-day extension for payment and proposed a payment rate of $1,000.00 per month. Customs

and Border Patrol informed Franco Tire Distribution, Inc. that an extension would not be possible without a waiver of the statute of limitations and granted an additional 15 days for mailing and processing.  Franco Tire Distribution, Inc. did not respond and the time for payment elapsed.

30. CBP has exhausted all administrative remedies.

## **COUNT I**

31. The allegations contained in paragraphs 1 through 32 are realleged and incorporated herein by reference.

32. Section 1592 of Title 19, United States Code, imposes civil penalties for material false statements or acts, or material omissions, made in connection with the introduction or entry of merchandise.

33. Franco Tire Distribution, Inc. entered or introduced the imported merchandise into the commerce of the United States by means of a document or electronically transmitted data or information, written or oral statement, or act which was material and false, or by means of an omission that was material.  *See* 19 C.F.R. Pt. 171, App. B(B).

34. Franco Tire Distribution, Inc. made a material omission by failing to list the antidumping and countervailing duty cases applicable to Chinese bus and truck tires on entry documents for two shipments.

35. The false statements, acts, or omissions described in paragraph 34 were material because they influenced Custom and Border Protection's determination of Franco Tire Distribution, Inc.'s liability for duties, resulting in a total potential loss of revenue of $27,941.49.

36. The material false statements, acts, or omissions described above constitute negligent violations of 19 U.S.C. § 1592(a).

37. As a result of the negligent violations of 19 U.S.C. § 1592(a) described above, pursuant to 19 U.S.C. § 1592(c)(3), Franco Tire Distribution, Inc. is liable for a penalty for negligence in the amount of approximately $55,882.98, which represents two times the lawful duties, taxes, and fees of which the United States was deprived, adjusted in light of mitigation action.

## PRAYER FOR RELIEF

**WHEREFORE**, the United States respectfully requests that the Court enter judgment for the United States against defendant Franco Tire Distribution, Inc. for a civil penalty of $55,882.98 for violations of 19 U.S.C. § 1592(a)(1)(A) at a culpability level of negligence, plus interest provided by law, and such other relief as this Court deems just and appropriate.

Respectfully Submitted,

BRIAN M. BOYNTON
Principal Deputy Assistant Attorney General

PATRICIA M. McCARTHY
Director

/s/ Reginald T. Blades
REGINALD T. BLADES
Assistant Director

Of Counsel:
BRIAN DUBLON
Office of the Assistant Chief Counsel
U.S. Customs and Border Protection

/s/ Collin T. Mathias
COLLIN T. MATHIAS
Trial Attorney
Department of Justice, Civil Division
Commercial Litigation Branch
Civil Division
U.S. Department of Justice
P.O. Box 480

9

                                          Ben Franklin Station
                                          Washington, D.C.  20044
                                          Telephone: (202) 307-0315
                                          Facsimile: (202) 307-0972
                                          Collin.T.Mathias@usdoj.gov

Dated: August 20, 2024                            *Attorneys for Plaintiff*